**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILYALE MAKOR, an individual, | No. 15-55602 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00671-VAP-SP |
| v. | |
| BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Before: SCHROEDER, DAVIS,[**] and MURGUIA, Circuit Judges.

In July 2012, Hilyale Makor, who worked as a train master for Burlington

Northern Santa Fe Railway Company ("BNSF") in San Bernardino, California,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

was diagnosed with situational anxiety. Makor took medical leave from July 20, 2012 until his return on March 17, 2013. Throughout that time period, Makor's physicians sent BNSF a series of notes extending Makor's medical leave without indicating when Makor might resume work; in fact, the final two notes stated that Makor was "totally incapacitated" and did not provide a definite return date.

On October 17, 2012, BNSF acted pursuant to its company policy and replaced Makor while he remained out on paid leave. Once Makor's leave benefits expired, BNSF afforded him 60 days to find a new position with the company. When Makor failed to do so, BNSF terminated him according to its company policy. Makor filed suit against BNSF, alleging six claims under California's Fair Employment and Housing Act ("FEHA"). The district court granted summary judgment in favor of BNSF on all six claims. We affirm.

We review a district court's grant of summary judgment de novo. *Entrepreneur Media v. Smith*, 279 F.3d 1135, 1139–40 (9th Cir. 2002).

**1.** The district court did not err in granting summary judgment on Makor's claims alleging failure to accommodate and failure to engage in the interactive process. *See* Cal. Gov't Code §§ 12940(m), (n). To prevail on both of these claims, a plaintiff must demonstrate that a reasonable accommodation was available. *Swanson v. Morongo Unified Sch. Dist.*, 181 Cal. Rptr. 3d 553, 566 (Ct. App.

2014) (holding that a plaintiff must show the availability of reasonable accommodation to prevail on a failure-to-accommodate claim); *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 83 Cal. Rptr. 3d 190, 214 (Ct. App. 2008) ("[A]n employer may be held liable for failing to engage in the good faith interactive process only if a reasonable accommodation was available."). Makor argues that BNSF could have accommodated him by providing job protection for the duration of his leave or by reassigning him upon his return to work.

**a.** Job-protected leave for a fixed period can be an accommodation, but indefinite leave is not reasonable as a matter of law. *Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 494 (Ct. App. 1999). "[T]he mere fact that a medical leave has been repeatedly extended does not necessarily establish that it would continue indefinitely. In some circumstances, an employer may need to consult directly with the employee's physician to determine the employee's medical restrictions and prognosis for improvement or recovery." *Nadaf-Rahrov*, 83 Cal. Rptr. 3d at 222. Here, even if BNSF had inquired into Makor's situation before replacing him, it is unclear what such an inquiry would have revealed. The evidence shows that Makor's physicians did not provide any concrete return dates and continued to describe him as "totally incapacitated" between October 2012 and March 2013. Makor has not provided any evidence that the duration of his leave would

somehow have been more concrete if BNSF had only contacted his physicians. Therefore, Makor has failed to show that job-protected leave was available as a reasonable accommodation.

**b.** Under the FEHA implementing regulations, reassignment is available to accommodate a returning employee who suffers from the lingering effects of a disability. *See* Cal. Code Regs. tit. 2, §§ 11068(d)(1), (g). Here, Makor was not entitled to reassignment because he returned to work without restrictions, and he has not provided any evidence that he continued to experience residual limitations related to his situational anxiety. Therefore, Makor has failed to show that reassignment was available as a reasonable accommodation.

**2.** The district court did not err in granting summary judgment on Makor's claims alleging disability discrimination and retaliation. *See* Cal. Gov't Code §§ 12940(a), (h). Both of these claims are analyzed under the *McDonnell Douglas* burden-shifting framework, which proceeds in three steps: (1) the plaintiff must establish a prima facie case of discrimination or retaliation; (2) the employer must then articulate a legitimate, nondiscriminatory reason for the adverse employment action; and (3) the plaintiff must show that the employer's stated reason is pretextual. *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005).

Even assuming Makor established a prima facie case of discrimination or retaliation, his claims fail at the second and third steps of the *McDonnell Douglas* analysis. Turning to the second step, BNSF has articulated a nondiscriminatory reason by presenting evidence that it terminated Makor pursuant to a pre-existing, neutral policy. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 55, (2003) ("If petitioner did indeed apply a neutral, generally applicable no-rehire policy in rejecting respondent's application, petitioner's decision not to rehire respondent can, in no way, be said to have been motivated by respondent's disability."). As to the third step, Makor has not presented any evidence of pretext.

**3.** The district court did not err in granting summary judgment on Makor's claim alleging failure to prevent discrimination. *See* Cal. Gov't Code § 12940(k). "[C]ourts have required a finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under section 12940(k)." *Carter v. California Dep't of Veterans Affairs*, 135 P.3d 637, 645 n.4 (Cal. 2006). Makor has not prevailed on his discrimination or harassment claims under FEHA.

**4.** The district court did not err in granting summary judgment on Makor's claim alleging wrongful discharge because Makor has not shown that he was discharged in violation of FEHA.

**AFFIRMED**.